IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICK A. GILBERT,           : | |
| : | Case No. 2:13-CV-00355 |
| Plaintiff,           : | |
| : | JUDGE ALGENON L. MARBLEY |
| v.           : | |
| : | Magistrate Judge Kemp |
| COMMISSIONER OF           : | |
| SOCIAL SECURITY,           : | |
| : | |
| Defendant.           : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Objection (Doc. 22) to the Magistrate Judge's March 14, 2014 **Report and Recommendation** (Doc. 21), recommending that the Court overrule Plaintiff's Statement of Errors (Doc. 12) and enter judgment in favor of the Commissioner.  Upon independent review by this Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED** and the Court adopts the Magistrate Judge's **Report and Recommendation**.

### I.    BACKGROUND

Before the present action, in November 2008, Plaintiff previously filed for Supplemental Security Income and was denied upon the Administrative Law Judge ("ALJ") finding he was not disabled. (Doc. 11 at 17).  In the case *sub judice*, in November 2011, Plaintiff again filed for Supplemental Security Income and Disability Insurance Benefits, alleging disability beginning April 30, 2010, due to a combination of headaches, migraines, and bipolar disorder.  (Doc. 21 at 1).  His claims were denied initially on January 23, 2013, and again upon reconsideration on February 21, 2012, by the ALJ.  (Doc. 11 at 17).  After a hearing in October 2012, a new ALJ issued a decision on November 26, 2012, concluding that Plaintiff was not disabled, and denying

1

benefits.  (*Id.* at 31).  The Appeals Council denied Plaintiff's request for review on February 21, 2013, making the ALJ's decision final.  (Doc.21 at 1).

Plaintiff, who was 25 years old at the time of the administrative hearing, was diagnosed with bipolar disorder at the age of 16.  According to Plaintiff, his bipolar disorder, combined with migraine headaches, prevent him from working.  (Doc. 21 at 2).  He has not held a job longer than seven months.  Plaintiff testified that since he was young he has gone to the emergency room on several occasions due to suicidal thoughts and hearing voices.  (*Id*. at 2).  On July 14, 2010, Plaintiff underwent a consultative psychological examination by Dr. Hrinko, who determined Plaintiff was only mildly impaired in a few work-related areas, such as relating to others and withstanding work stress; Dr. Hrinko concluded that his other work functions were not impaired at all.  (*Id*.).

In October 2011, Plaintiff began mental health treatment with Consolidated Care.  (Doc. 11 at 25).  Plaintiff's therapist, Robert Crook, L.S.W., indicated on his mental status examination that he had mood swings, depression, anxiety, anger issues, and auditory hallucinations, but otherwise clear and calm behavior.  (*Id*.).  Mr. Crook documented that Plaintiff was able to regularly perform daily activities (*e.g.* preparing food, shopping, household chores, socializing with friends).  (*Id*. at 26).  On July 23, 2012, Mr. Crook noted that Plaintiff's mood was improved, and he demonstrated normal mental status and calm behavior.  (*Id*.).

Plaintiff also began seeing a psychiatrist, Dr. Griffith, who believed that Plaintiff was unable to maintain a competitive pace at jobs and that working at a fast pace brought on his migraine headaches.  (Doc. 21 at 4).  On July 31, 2012, Dr. Griffith wrote a letter on her opinion of Plaintiff's functional limitations.  (*Id.*).  She diagnosed Plaintiff with bipolar disorder, a history of ADHD and Oppositional Defiant Disorder, and an antisocial personality disorder.

2

(*Id.*).  Dr. Griffith also noted that she believed he would "deteriorate" in a work environment. (*Id.*).  Dr. Griffith stated she believed Plaintiff was too impaired to work at a consistent pace, to maintain attention and concentration for more than a brief period of time, and to withstand work stress.  (*Id.* at 4-5).

A state agency assessment was conducted by one or more state agency reviewers which assessed Plaintiff's residual functional capacity.  (*Id.* at 5).  The assessment reported that Plaintiff's only significant psychological limitations were in the areas of completing a normal workday and work week without significant interruptions.  (*Id.*).

A vocational expert, Mr. Pinti, testified at the administrative hearing for Plaintiff.  (*Id.*). In Mr. Pinti's professional opinion, someone with Plaintiff's limitations could do jobs such as industrial cleaner or janitor, packager, production helper, machine tender, laundry folder, or housekeeper.  Mr. Pinti stated that there were a significant number of these types of jobs in the economy, but that the number of jobs available was reduced for someone who needed a sit-stand option or who could sit for only fifteen minutes out of an hour.  (*Id.* at 6).  Mr. Pinti also testified that someone who would be off task 25% to 50% of the time, who had a short attention span, or who could not handle work stress, could not be employed.  (*Id.*).

In his Statement of Specific Errors, Plaintiff contends that the ALJ's decision violates the treating physician rule because it did not provide good reason for assigning little weight to the treating psychiatrist's opinion.  (Doc. 12 at 8-14).  Plaintiff also asserts that the ALJ erred by ignoring relevant portions of other source opinions and giving too much weight to a non-examining opinion.  (*Id.* at 14-19).

The Magistrate Judge found that this case turned on the issue of whether the ALJ fairly characterized the treatment and progress notes of Dr. Griffith and Mr. Crook, or if the ALJ took

3

statements in those notes out of context to support a less restrictive view on Plaintiff's functional capacity. (Doc. 21 at 11). The Magistrate Judge reasoned that the ALJ fairly interpreted the notes in the record as not completely supporting Dr. Griffith's opinions. (*Id.* at 12-14). Given the deferential standard of review, the Report and Recommendation concluded that the ALJ was justified in his determination. (*Id.* at 12). Accordingly, the Report and Recommendation recommended the Plaintiff's Statement of Errors be overruled, that judgment be entered in favor of the Commissioner of Social Security, and that the ALJ's decision be affirmed. (*Id.* at 14).

## II.     STANDARD OF REVIEW

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). This Court, upon objection, is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). This review requires the Court to re-examine all the relevant evidence previously reviewed by the Magistrate Judge, to determine whether the findings of the Commissioner are in fact supported by "substantial evidence." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983); *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653, 654 (6th Cir. 1982).

This Court's review "is limited to determining whether the Commissioner's decisions 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the

4

record as a whole.  *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Ellis*, 739 F.2d at 248; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365 (6th Cir.1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984).  The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762 (6th Cir. 2001).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court would have arrived at a different conclusion.  *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

### III.  ANALYSIS

Plaintiff first takes issue with the ALJ's disregard for Dr. Griffith's opinion, and with the Magistrate Judge's conclusion that the ALJ had in fact articulated valid reasons, supported by the record, for discounting Dr. Griffith's opinion.  (Doc. 22 at 2-4).  Plaintiff argues that the ALJ was incorrect in characterizing Dr. Griffith's opinion as inconsistent with her treatment notes.  (*Id*. at 3).  Thus, Plaintiff asserts that Dr. Griffith was entitled to deference or controlling weight, and that the Magistrate Judge erred by concluding that the ALJ had provided good reason for her dismissal of his opinion.  (*Id*. at 3).

Controlling weight may not be given to a treating source's medical opinion unless the opinion is well supported by "medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record."  20 C.F.R. § 416.927(d)(2); SSR 96-2p.  The ALJ must pay particular attention to the "consistency of the opinion, with other evidence, the qualifications of the source, and the degree to which the source offers supporting explanations for the opinion."  20 C.F.R. §§ 416.927(d) & (f); SSR 96-2p.

As the Magistrate Judge notes, the record here does not contain objective signs or findings to support Dr. Griffith's conclusions.  Evidence of Plaintiff's daily activities, including

5

being able to get along with people in social settings, is inconsistent with the conclusion that Plaintiff was someone suffering from a "disabling mental impairment." (Doc. 21 at 9). Moreover, despite Plaintiff's arguments to the contrary, an ALJ may rely on treatment notes as evidence that a plaintiff is not as impaired as the treating source has said. The ALJ's decision is entitled to deference if the notes support the ALJ's conclusion. Given the conflicting evidence, and the substantial evidence in support of the ALJ's conclusion, this Court will not disturb the ALJ's finding.

Plaintiff's second objection is that the Magistrate Judge erred by not addressing the ALJ's failure to acknowledge Mr. Crook's opined limitations. (Doc. 22 at 4). Plaintiff argues that because Mr. Crook noted in his report that Plaintiff had highly relevant functional limitations, this was supportive of Dr. Griffith's opinion. (*Id.*). The Magistrate Judge did address Mr. Crook's opined limitations, however, when he considered the issue in the first objection Plaintiff raised. The Magistrate Judge concluded, after review of the treatments notes, most of which were recorded by Mr. Crook, that the ALJ fairly interpreted the notes as not completely supportive of Dr. Griffith's opinions. (Doc. 21 at 12). This included review of Mr. Crook's notes on Plaintiff's functional limitations.

Plaintiff's third and final objection is that the Magistrate Judge's finding that the ALJ gave appropriate consideration to the non-examining reviewer's opinion was without evidentiary support. (Doc. 22 at 5). Plaintiff argues that the Magistrate Judge's consideration of whether it was reasonable of the ALJ to assigns Dr. Griffith's opinion less than controlling weight failed to directly address the issue of the ALJ's consideration of the non-examining reviewer's opinion.

Plaintiff is correct that, in order to overcome the presumption of deference to a treating source's opinion, there must be more substantial support in the evidence and explanation of how

6

the evidence supports a non-examining reviewer's opinion.  (*Id.*).  But even if this Court agrees with Plaintiff, it does not change the conclusion that the ALJ's finding is supported by "substantial evidence," the controlling standard on this Court's review.  Accordingly, the Court cannot reject the ALJ's conclusions.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Objections are **OVERRULED**.  The Court hereby **ADOPTS** the Magistrate Judge's **Report and Recommendation** (Doc. 21).  The case is **DISMISSED**.

**IT IS SO ORDERED.**

    /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 17, 2014**